UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-47-FDW

| RONALD MCCLARY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| FNU MITCHELL, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983.[1]

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his conviction for first-degree murder which he sustained in Alamance County on April 5, 2001. Plaintiff is presently housed in the Lanesboro Correctional Institution where he is serving a life sentence. In his complaint, Plaintiff contends that the internal grievance process maintained by the North Carolina Department of Public Safety, Adult Correction Division, is depriving him of his right to access the courts. Plaintiff's claims will be addressed below.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous,

---

[1] The Court has examined Plaintiff's prisoner trust account and application to proceed in forma pauperis and finds that it should be allowed. (Doc. No. 2).

1

malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and was so at the time that he filed his complaint. Accordingly, Plaintiff is bound by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See

Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).[2] Plaintiff takes issue with this exhaustion requirement, contending that requiring him to exhaust his administrative remedies as to each claim he wishes to assert in a Section 1983 complaint improperly impedes his access to the courts. See (3:15-cv-47, Doc. No. 1: Compl. at 4: "By only allowing one grievance to be filed at one time I'm hindered from filing multiple lawsuits because of the requirement of filing and the exhausting of grievances."). However, this exhaustion procedure is precisely what is

---

[2] In the present case, it is plain from the face of the complaint that Plaintiff has not exhausted his administrative remedies with respect to his claim that the ARP itself is not fair. Plaintiff contends that he did exhaust his administrative remedies with respect to a claim of "medical – excessive force" but that is not the subject of the instant complaint.

3

required by the North Carolina state prison system and Plaintiff's distaste for this procedure fails to a state a claim for relief under § 1983.

Moreover, Plaintiff's contention that he is sometimes being denied full and fair access to the ARP, and therefore to the courts, is conclusory at best, and appears to willfully ignore the extent of his personal participation in pro se § 1983 actions in the North Carolina federal courts. The Court would note that in 2014 alone, Plaintiff filed three cases in the Eastern District of North Carolina alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. The Court observed that each of the complaints involved similar issues and ultimately concluded that the cases should be consolidated in the interest of judicial economy. See McClary v. Lightsey, et al., 5:14-ct-03147-FL (E.D.N.C. Dec. 16, 2014). In December 2014, Plaintiff filed another § 1983 complaint in the Eastern District this time raising claims of retaliation and excessive force against several defendant officers. See (5:14-ct-03320-D, Doc. No. 1). Thus, it is apparent that Plaintiff may, and has obtained access to plead his claims in federal court.

In addition to Plaintiff's filings in the Eastern District, Plaintiff filed four pro se § 1983 complaints in this district in January 2015, including the present complaint. One of those complaints was dismissed on initial review without prejudice for failure to exhaust his administrative remedies.

What Plaintiff endeavors to do here is achieve a forum to present conclusory arguments that his constitutional right to access the courts is being repeatedly violated by enforcement of the PLRA, or that the procedures employed by North Carolina state prisons are simply inadequate or could stand improvement. However, Plaintiff cites only one specific case in support of this contention and Plaintiff has expressed his intention to appeal the dismissal of this case to the United States Court of Appeals for the Fourth Circuit. See McClary v. FNU Aaron, 3:15-cv-20-

4

FDW (W.D.N.C. Jan. 15, 2015). As the Supreme Court noted, what constitutes proper exhaustion is determined not by the provisions of the PLRA, but in accordance with the law of the state where the inmate is incarcerated, see <u>Jones</u>, 549 U.S. at 218, and the Court finds that Plaintiff's general malaise with the present system in North Carolina fails to support a claim for relief and his complaint will be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed in forma pauperis is **GRANTED**. (Doc. No. 2).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: January 28, 2015

Frank D. Whitney
Chief United States District Judge